**CENTRAL LOUISIANA ELECTRIC COMPANY, INC., et al., Petitioners,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**Family Lines Rail System, et al., Intervenor.**

No. 82–1546.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 1, 1983.

Decided Dec. 30, 1983.

---

Mary Todd Foldes, Washington, D.C., with whom J. Raymond Clark, Washington, D.C., was on the brief, for petitioners.

Timm L. Abendroth, Atty., Interstate Commerce Commission, Washington, D.C., with whom John Broadley, General Counsel, and Henri F. Rush, Associate General Counsel, Interstate Commerce Commission, and John J. Powers, III, and John P. Fonte, Attys., Dept. of Justice, Washington, D.C., were on the brief, for respondents.

Kenneth P. Kolson, Washington, D.C., with whom J. Thomas Tidd, R. Eden Martin, Michael G. Lederman, Paul A. Cunningham and Arthur W. Adelberg, Washington, D.C., were on the joiner in lieu of brief, for intervenor.

Before TAMM and SCALIA, Circuit Judges, and SWYGERT,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion PER CURIAM.

PER CURIAM:

A group of electric utilities petitions this court to enter various orders concerning a rulemaking the Interstate Commerce Commission has undertaken on the subject of a new uniform rail costing system (URCS) for the railroads subject to its jurisdiction. We find that there is no basis for us to intervene at this stage of the proceeding, and therefore deny the petition.

On September 14, 1981, the ICC sent petitioners a request for comments on an informal memorandum describing the URCS. Petitioners responded by explaining that they could not make informed comments because they lacked necessary data and underlying computer programs and methodologies. They requested initiation of a rulemaking under 49 U.S.C. § 10326[1] and access to data.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. That statute provides:

(a) When, under section 553(e) of title 5, an interested person ... petitions the Interstate Commerce Commission to begin a rulemaking proceeding in a matter related to a rail carrier providing transportation subject to this subtitle, the Commission ... shall grant or deny that petition by the 120th day after receiving it. If the petition is granted, the Commission ... shall begin an appropriate proceeding as soon as practicable. If the petition is denied, the reasons for the denial shall be published in the Federal Register.

(b)(1) If a petition is denied or action is not taken within the 120-day period under subsection (a) of this section, the petitioner may begin a civil action in an appropriate court of appeals of the United States for an order directing the Commission to begin a proceeding to take the action requested in the petition. A civil action under this subsection must be filed by the 60th day after the date of the denial or by the 60th day after the end of the 120-day period, whichever is appropriate.

The Commission failed to act on the request for rulemaking within the statutorily required 120 days. On May 14, 1982, petitioners therefore filed with this court a Petition for Order Directing Institution of Rulemaking Proceeding. Briefing was deferred until the end of August 1982, because of Commission statements that it expected to issue a decision on the rulemaking petition in short order. On August 27, 1982, the Commission announced that it "granted" the request for a rulemaking, but issued no Notice of Proposed Rulemaking (NPR). Ex Parte No. 431, Implementation of the Uniform Railroad Costing System. On the basis of this announcement, petitioners requested the court to hold the proceeding in abeyance, first until November 1, 1982, and then for another sixty days. On December 20, 1982, the court issued an order to petitioners to show cause why the proceeding should not be dismissed in light of the grant of a rulemaking. In response, petitioners and the Commission filed a Joint Final Motion to Hold Proceedings In Abeyance and To Establish Briefing Schedule dated January 3, 1983. The Commission agreed in that motion that mere grant of a rulemaking without issuance of an NPR did not constitute adequate relief to petitioners. It further indicated that it intended to issue a formal NPR in January 1983. The court then deferred consideration of the petition until after March 3, 1983.

On January 31, 1983, the Commission issued a Notice of Decision, in which it requested comments only on the uses to which the URCS should be put, not on the costing system itself. Ex Parte No. 431, Adoption of the Uniform Railroad Costing System for Determining Variable Costs for Purposes of Surcharge and Jurisdictional Threshold Calculations, Notice of Decision, 48 Fed.Reg. 4562. Petitioners responded by filing with the Commission a Renewed Motion to Issue Notice of Proposed Rulemaking, on the ground that the rulemaking scheduled by the Commission, as described in the Notice, did not address the issues which were the basis of their original petition. They then filed with the court a Motion To Reestablish Briefing Schedule, and filed their brief in March in accordance with their proposed schedule. On April 12, the Commission published a list of publications, files, computer programs and working papers relevant to the URCS, and stated that they would be made available on request to the Commission. On April 14, the Commission issued a decision on petitioners' motion and other requests for clarification and modification. Ex Parte No. 431, Adoption of the Uniform Railroad Costing System for Determining Variable Costs for Purposes of Surcharge and Jurisdictional Threshold Calculations, Decision. In response to the filing of more petitions for clarification and modification, the Commission extended the comment period 120 days, to September 28, 1983, and on June 27 issued a decision on the new requests. It stated there that it was "not [its] intent to restrict comments on areas of URCS which parties believe are problematical" and that it would accept comments on issues not specifically identified by the Commission in the Notice of Decision. Ex Parte No. 431, Adoption of the Uniform Railroad Costing System for Determining Variable Costs for Purposes of Surcharge and Jurisdictional Threshold Calculations, 48 Fed.Reg. 30205, 30206.

Petitioners, however, still complain that the unavailability of computer programs and other data deprives them of the opportunity to participate meaningfully in the rulemaking process. They also complain of closed meetings that the Commission held with the railroads; and they assert that the

(2) The court of appeals shall order the Commission to begin the action requested in the petition to the Commission if the court finds that the action requested in that petition is necessary and failure to take that action will result in the continuation of practices that are not consistent with the public interest or are not in accordance with this subtitle. The finding of the court must be based on a preponderance of the evidence in the record before the Commission . . ., or, if the civil action is based on a petition on which action was not taken, in a new proceeding before the court. The court may not require the Commission to take action under this subtitle other than to begin a rulemaking proceeding.

49 U.S.C. § 10326 (Supp. V 1981).

Commission's assumption of the validity of the URCS methodology manifest in its January 31, 1983 Notice of Decision makes it clear that their comments in the rulemaking will not genuinely be considered.

\* \* \* \* \* \*

■ We find that at this juncture petitioners have no grievance which they can properly bring before this court. By its order of June 27, the Commission indicated that it would consider, in its Ex Parte No. 431 proceeding, comments on the issues of concern to petitioners. Hence at that point, if not before, the Commission agreed to conduct a rulemaking on those issues. The request for a rulemaking is therefore moot.

■ Petitioners' other complaints, relating to ex parte contacts and to the Commission's anticipated failure to give genuine consideration to their comments regarding the URCS, relate not to the commencement of a rulemaking, over which we are given special authority under 49 U.S.C. § 10326, but rather to the adequacy of that rulemaking under 5 U.S.C. § 553 (1982). These complaints are premature, and can be considered only after completion of the rulemaking, should it produce a rule with which petitioners continue to disagree. To hold otherwise would allow the very limited relief this court may grant under 49 U.S.C. § 10326 (ordering commencement of a rulemaking) to be transformed into continuing judicial supervision of the rulemaking process, permitting constant interlocutory appeals from Commission rulings, wasting the agency's, the parties', and the court's resources, and virtually eliminating the Administrative Procedure Act's finality requirement set out in 5 U.S.C. § 704 (1982). The statute itself does not purport to make such a change, but explicitly states that "[t]he court may not require the Commission to take action under this subtitle other than to begin a rulemaking proceeding." 49 U.S.C. § 10326(b)(2). After it is begun, judicial involvement is to be governed by normal practice under the Administrative Procedure Act, which renders the present appeal premature.

The petition is therefore

*Denied.*